IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-HC-2015-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| JOSE DE LA LUZ PEREZ, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's 29 March 2012 motion to dismiss the government's petition for his commitment as a sexually dangerous person pursuant to 18 U.S.C. § 4248. (DE # 41.) The government has responded and opposes the motion. (DE # 43.) Also before the court are respondent's 2 July 2012 motion for leave to file a reply to the government's opposition to the motion to dismiss (DE # 61) and respondent's 2 July 2012 motion to stay the proceedings pending the resolution of his motion to dismiss (DE # 62).

The court first considers respondent's motion for leave to file a reply brief. Although the motion states that the government opposes the motion, no formal response has been filed by the government. The motion (DE # 61) is GRANTED, and respondent's reply brief (DE # 61-2) was considered in ruling on the motion to dismiss.

The court next turns to respondent's motion to dismiss. Respondent argues that Federal Rule of Civil Procedure 4 requires the dismissal of this case because the government failed to serve him with a summons. However, even if the court assumes without deciding that the government was required to serve respondent with a summons under § 4248, noncompliance with Rule 4 of the Federal Rules of Civil Procedure does not mandate dismissal where the

necessary parties have received actual notice of the suit and have not been prejudiced by the technical defect in service. See, e.g., Karlsson v. Rabinowitz, 318 F.2d 666, 668 (4th Cir. 1963) (where actual notice is received, Rule 4 "should be liberally construed to effectuate service and uphold the jurisdiction of the court."); McCreary v. Vaughan-Bassett Furniture Co., Inc., 412 F. Supp. 2d 535, 537 (M.D.N.C. 2005).

Here, respondent admits that he received a copy of the government's petition for his commitment. (See Mot. Dismiss, DE # 41, at 1.) Furthermore, respondent's participation in the substantive aspects of this litigation, such as the discovery process, demonstrates that he has suffered no material prejudice. After having fully considered the motion, the court concludes that respondent's arguments are without merit. The motion to dismiss (DE # 41) is DENIED. In addition, respondent's motion to stay the proceedings pending the resolution of his motion to dismiss (DE # 62) is DENIED AS MOOT.

This 14 September 2012.

_____
W. Earl Britt
Senior U.S. District Judge